■ MAUREEN ELYACHAR, Respondent, v. DANIEL ELYACHAR, Appellant.— In consolidated actions in which a property settlement was incorporated into a judgment of divorce, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated October 3, 1974 (which order was amended, in a manner not presently relevant, by an order of the same court dated October 7, 1974), as directed the plaintiff wife to make a "gift over" to intervenor Central State Bank of a sum of "excess" money computed in accordance with a formula set forth in said judgment of divorce. (The intervenor bank also appealed, but, since its brief seeks an affirmance, that appeal is deemed abandoned.) Order of October 3, 1974 modified, on the law, by striking from subdivision "2" of the third decretal paragraph thereof the provision that plaintiff shall make said "gift over" and by substituting therefor a provision directing payment of the said excess money to defendant. As so modified, order affirmed insofar as appealed from, with one bill of $20 costs and disbursements jointly to plaintiff and defendant against the intervenor bank. The lien possessed by the bank was effective only to the extent of defendant's interest in the marital property, which was held by him, following the judgment of divorce, as a tenant in common with plaintiff. The settlement agreement between the parties to the divorce action was incorporated into the judgment of divorce and provided for a gift over by plaintiff to defendant of a certain portion ($5,700) of the net proceeds of the sale of the marital premises attributable to plaintiff's interest in said premises. The bank's

lien does not extend to plaintiff's interest in the net sale proceeds and hence the bank has no valid claim to the $5,700 at issue herein. Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.